UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AKEEM JACKSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:16CV00858 ACL |
| | ) |
| TROY STEELE, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the Petition of Akeem Jackson for a writ of habeas corpus under 28 U.S.C. § 2254.

### I. Procedural History

Jackson is currently incarcerated at the Eastern Reception Diagnostic and Correctional Center in Bonne Terre, Missouri, pursuant to the sentence and judgment of the Circuit Court of St. Louis City, Missouri. (Doc. 8-1 at 18-20.) On November 5, 2012, Jackson pleaded guilty to first-degree robbery and armed criminal action. *Id.* at 39-42. On December 6, 2012, the court sentenced Jackson to concurrent terms of twenty years' imprisonment. *Id.* at 43-46. Jackson was in federal custody at the time of his plea and sentencing. *Id.* at 44. He was delivered to the Missouri Department of Corrections on February 21, 2014. *Id.* at 72.

On May 19, 2014, Jackson filed a *pro se* motion for post-conviction relief. *Id.* at 50. After the appointment of counsel, Jackson filed an amended motion and request for evidentiary hearing, in which he argued that there was no factual basis for his pleas. *Id.* at 62-68. The

motion court denied Jackson's amended motion and his request for an evidentiary hearing.[1]  *Id.* at 72-83.

In his appeal from the denial of post-conviction relief, Jackson again argued that there was an insufficient factual basis for his guilty pleas. (Doc. 8-2.)  On March 22, 2016, the Missouri Court of Appeals affirmed the decision of the motion court. (Doc. 8-4.)

Jackson filed the instant Petition on June 15, 2016. (Doc. 1.)  In his first and third grounds for relief, Jackson argues that his post-conviction motions were untimely filed. *Id.* at p. 5, 8.  In his second ground for relief, Jackson argues that counsel "forced/tricked" him into pleading guilty. *Id.* at p. 6.

Respondent filed a Response to Order to Show Cause, in which he argues that the Petition should be dismissed as untimely. (Doc. 8.)  Respondent further argues that Ground Two is procedurally defaulted , and all of Jackson's claims fail on their merits.

## II. Standard of Review

A federal court's power to grant a writ of habeas corpus is governed by 28 U.S.C. § 2254(d), which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[1] The court found that the *pro se* motion was timely filed within 180 days of Jackson's delivery to the MDOC. (Doc. 8-1 at 72-73.)

28 U.S.C. § 2254(d).

The Supreme Court construed § 2254(d) in *Williams v. Collins*, 529 U.S. 362 (2000). With respect to the "contrary to" language, a majority of the Court held that a state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or if the state court "decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Id.* at 405. Under the "unreasonable application" prong of § 2254(d)(1), a writ may issue if "the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies [the principle] to the facts of the particular state prisoner's case." *Id.* Thus, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 410. Although the Court failed to specifically define "objectively unreasonable," it observed that "an unreasonable application of federal law is different from an incorrect application of federal law." *Id.* at 410.

### III. Statute of Limitations

Respondent first argues that the Petition should be dismissed because Jackson failed to file his Petition within one year as required by 28 U.S.C. § 2244(d)(1)(A). "The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year limitations period for state prisoners to file federal habeas corpus petitions." *Bear v. Fayram*, 650 F.3d 1120, 1122 (8th Cir. 2011) (citing 28 U.S.C. § 2244(d)(1)). This one-year period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). A habeas petition filed after the expiration of the limitations period is untimely and must be dismissed on that basis. *Bear*, 650 F.3d at 1122, 1125.

Pursuant to Missouri Supreme Court Rules 30.01 and 81.04, Jackson had 10 days after

his December 6, 2012 sentence in which to file an appeal. Jackson did not appeal his convictions or sentences. The statute of limitations under AEDPA therefore began to run on December 16, 2012, and expired on December 16, 2013.

The one-year limitations period is tolled while any "properly filed application for State post-conviction or other collateral review ... is pending." 28 U.S.C. § 2244(d)(2). In this case, Jackson filed his post-conviction relief motion on May 19, 2014, more than a year after his conviction became final on December 16, 2012. The filing of the post-conviction motion could not toll the one year because the year had already run. *See, e.g., Cross-Bey v. Gammon,* 322 F.3d 1012, 1014 (8th Cir. 2003); *Painter v. Iowa,* 247 F.3d 1255, 1256 (8th Cir. 2001) (holding that when petitioner filed his state court application for post-conviction relief, there was no federal limitations period remaining to toll, and thus his federal petition was properly dismissed as time-barred).

Jackson acknowledges that the Petition is untimely, but states that he was sentenced on a federal charge after his state sentencing and was "unable to receive the proper paperwork to file in federal custody." (Doc. 1 at 13.)

Jackson was "in custody" pursuant to the judgment of the Missouri court for purposes of § 2254 during the one year following the date those convictions became final, and during this time could have challenged his future confinement for the Missouri convictions. *See Maleng v. Cook,* 490 U.S. 488, 493 (1989) (holding that habeas petitioner was "in custody" and therefore could challenge sentences imposed upon him by State of Washington, even though he was not presently serving them because he was incarcerated in federal prison on federal charges, where State of Washington had placed detainer with federal authorities to ensure that at conclusion of petitioner's federal sentence, he would be returned to state authorities to begin serving his state

sentences) (citing *Braden v. 30th Judicial Circuit Court of Ky.,* 410 U.S. 484, 489 & n. 4 (1973)). The Rules Governing § 2254 Cases further support this result. Rule 1(a)(2) states, "These rules govern a petition for a writ of habeas corpus filed in a United States district court under 28 U.S.C. § 2254 by ... a person in custody under a state-court or federal-court judgment who seeks a determination that future custody under a state-court judgment would violate the Constitution, laws, or treaties of the United States." Similarly, Rule 2(b) provides, "If the petitioner is not yet in custody-but may be subject to future custody-under the state-court judgment being contested, the petition must name as respondents both the officer who has current custody and the attorney general of the state where the judgment was entered."

In *Holland v. Florida,* 130 S.Ct. 2549 (2010), the Supreme Court held that equitable tolling of the AEDPA statute of limitations is available to a petitioner who shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)). In determining whether equitable tolling is warranted in a particular case, courts should "exercise judgment in light of prior precedent, but with awareness of the fact that specific circumstances ... could warrant special treatment in an appropriate case." *Id.* at 2563.

Here, Jackson argues that he was unable to receive the "proper paperwork" to file a habeas petition while in federal custody. (Doc. 1 at 13.) Jackson, however, has offered no facts to support this bare assertion. The Court finds that Jackson has failed to demonstrate a basis for application of equitable tolling. *See, e.g., Rues v. Denney,* 643 F.3d 618, 622 (8th Cir. 2011) (holding that counsel's miscalculation of habeas filing deadline is a "garden variety claim" of neglect and does not warrant equitable tolling); *Heath v. Ault,* 334 F. App'x 34, 34 (8th Cir. 2009) (rejecting pro se petitioner's argument that he was entitled to equitable tolling because he

was unaware of the applicable deadlines); *cf. Shelton v. Purkett,* 563 F.3d 404, 407 (8th Cir. 2009) (holding that a change in an applicable circuit precedent would constitute an "extraordinary circumstance" that would serve to equitably toll AEDPA's statute of limitations, if a petitioner had otherwise been diligently pursuing his rights).

Accordingly, Jackson's Petition is untimely.

### IV. Merits

Even if Jackson's Petition were timely filed, his claims fail on their merits.

**1.  Grounds One and Three**

In his first and third grounds for relief, Jackson argues that his post-conviction motion was untimely. Jackson's claims are contradicted by the record, as the motion court found that the motion was timely filed. (Doc. 8-1 at 72-73.) Further, these grounds for relief are not cognizable, as an error in a state post-conviction proceeding will not support a claim under § 2254(a). *See Williams-Bey v. Trickey*, 894 F.2d 314, 317 (8th Cir. 1990) ("Section 2254 only authorizes federal courts to review the constitutionality of a state criminal conviction, not infirmities in a state post-conviction relief proceeding. Because there is no federal constitutional requirement that states provide a means of post-conviction review of state convictions, an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition.") (citations and internal quotations omitted).

Accordingly, Grounds One and Three are without merit.

**2.  Ground Two**

In his second ground for relief, Jackson alleges that he received ineffective assistance of counsel in that plea counsel "forced/tricked" him into pleading guilty by telling him that he

would receive a lighter sentence if he pleaded guilty. (Doc. 1 at 1.)

Jackson did not raise this claim in his post-conviction motion or in his appeal from the denial of post-conviction relief. In Missouri, "habeas corpus is not a substitute for appeal or post-conviction proceedings." *State ex rel. Simmons v. White,* 866 S.W.2d 443, 446 (Mo. banc 1993). "Missouri law requires that a habeas petitioner bring any claim that a conviction violates the federal or state constitution, including a claim of ineffective assistance of counsel, in a motion for post-conviction relief." *Moore-El v. Luebbers,* 446 F.3d 890, 896 (8th Cir. 2006). Accordingly, an offender who fails to raise his claims on direct appeal or in post-conviction proceedings has procedurally defaulted those claims "and cannot raise [the waived claims] in a subsequent petition for habeas corpus." *State ex rel. Nixon v. Jaynes,* 63 S.W.3d 210, 214 (Mo. banc 2001).

Because Jackson failed to raise this claim in the post-conviction proceedings and provides no explanation for this failure, the claim raised in Ground Two is procedurally defaulted.

Jackson's claim also fails on its merits. At the plea hearing, the prosecutor set out the range of punishment for the charges as follows: "a minimum of ten years in the Missouri Department of Corrections up to 30 and/or life in prison" on the first-degree robbery count; and "a minimum mandatory of three years in the Missouri Department of Corrections up to life in prison" on the armed criminal action count. (Doc. 8-1 at 40.) Defense counsel stated that Jackson's pleas were not based on a plea bargain. *Id.* Jackson agreed that he was asking the judge to determine his sentence, and that no one had made him any promises about what his sentence would be. *Id.* at 41. He testified that he understood that his sentence would be "somewhere within the ranges of punishment that the prosecutor has indicated." *Id.* Jackson

further testified that he understood the proceedings, and voluntarily entered his pleas. *Id.* at 42. At the sentencing hearing, Jackson's counsel indicated that Jackson was concerned about the "very steep range of punishment" he faced, knowing that it was a "blind plea." *Id.* at 44. Jackson did not express any dissatisfaction with counsel at the sentencing hearing.

The record refutes Jackson's claim that counsel tricked him into pleading guilty by promising a lighter sentence. Further, in determining there was a factual basis for Jackson's guilty pleas, the motion court held that the pleas were knowingly, voluntarily, and intelligently made. *Id.* at 82. This finding is entitled to deference in the instant federal habeas action under 28 U.S.C. § 2254(d).

Accordingly, the Court finds that Ground Two lacks merit.

### V. Certificate of Appealability

To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Hunter v. Bowersox*, 172 F.3d 1016, 1020 (8th Cir. 1999). A substantial showing is established if the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserved further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). In this case, Jackson has failed to make a substantial showing of the denial of a constitutional right. The undersigned is not persuaded that the issues raised in his Petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

Accordingly, no Certificate of Appealability shall be issued.

### ORDER

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that the instant Petition for

a Writ of Habeas Corpus under 28 U.S.C. § 2254 be **denied** and be **dismissed with prejudice** by separate judgment entered this date.

**IT IS FURTHER ORDERED, ADJUDGED and DECREED** that Petitioner be denied a Certificate of Appealability if Petitioner seeks to appeal this Judgment of Dismissal.

**/s/** Abbie Crites-Leoni
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 26th day of August, 2019.